IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
| )                                                    | |
| v.                                                          )  | CRIMINAL ACTION 10-00073-KD |
| )                                                    | |
| KENEL YATES,                                       ) | |
|     Defendant.                                       ) | |

-----------------------------------------------------

| | |
|---|---|
| KENEL YATES,                                       ) | |
|     Petitioner,                                          ) | |
| v.                                                          ) | CIVIL ACTION 11-00734-KD |
| )                                                    | |
| UNITED STATES OF AMERICA,           ) | |
|     Respondent.                                      ) | |

### ORDER

This matter is before the Court on Defendant/Petitioner Kenel Yates' motion to vacate, set aside or correct sentence (Doc. 30), and the Government's response thereto (Doc. 38). Upon consideration, and for the reasons set forth herein, Petitioner's motion is due to be **GRANTED**.

**I.      Procedural Background**

On July 20, 2010, Defendant pled guilty to possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841 and possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).  (Doc. 17).   Under the statutory scheme in place at the time of his offense, Defendant faced a mandatory minimum imprisonment term of five years on the drug possession count because he was held accountable for eight grams of crack cocaine. See 21 U.S.C. 841(b)(1)(B)(iii) (2006) (prescribing term of imprisonment of not less than five years and not more than 40 years if defendant's offense involves five grams or more of a mixture

1

or substance containing cocaine base). At a sentencing hearing held on January 6, 2011, the Court sentenced Defendant on that count to the statutory minimum term of 60 months to run consecutively to a 60-month sentence imposed on Count 2.  (Doc. 27).[1]

## II.     Legal Context

The Court recently summarized the pertinent legal context in United States v. Wilburn, Nos. 10-00087-KD & 10-00188-KD, 2012 WL 2838251, at *1-2 (S.D. Ala. July 10, 2012). The highlights are these: Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010.  The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine offenses by increasing the drug quantities necessary to trigger the statutory minimums.  On June 21, 2012, the United States Supreme Court held that the FSA's new mandatory minimum sentencing provisions to all sentencings on or after August 3, 2010, regardless of when the offense conduct took place.  See Dorsey v. United States, 132 S. Ct. 2321 (2012).

## III.    Conclusion

The FSA applies to Defendant, who was sentenced after the FSA's enactment.  The crack cocaine quantity for which Defendant is accountable fails to trigger a post-FSA statutory minimum. Accordingly, Defendant's motion to vacate, set aside or correct sentence (Doc. 30) is **GRANTED** as to Count 1, and the sentence previously imposed on that count is hereby **VACATED**.

A resentencing hearing will be held on **Thursday, September 27, 2012** at **11:00 a.m.** in Courtroom 5A of the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama 36602. The United States Marshal is **DIRECTED** to produce Defendant for this hearing.

---

[1]     Defendant does not challenge his sentence on the firearm count, and the consecutive sentence imposed on that count is in no way affected by this order.

Defendant shall remain in custody pending resentencing.

**DONE** and **ORDERED** this **24th** day of **August 2012**.

                                         /s/ Kristi K DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**