AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case: Sheet 1     (NOTE: Identify changes with Asterisks (*))  #10932

# United States District Court
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>KENEL YATES, a/k/a Kenel Dewayne Yates<br><br>**Date of Original Judgment:** January 21, 2011<br><br>*(or date of Last Amended Judgment)* | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: 1:10-00073-001<br>USM NUMBER:  10970-003<br><br>Christopher Knight<br>**Defendant's Attorney** |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (F.R.Crim.P.35(a))

☐ Reduction of Sentence for Changed Circumstances (F.R.Crim.P.35(b))

☐ Correction of Sentence by Sentencing Court (F.R.Crim.P.35(a))

☐ Correction of Sentence for Clerical Mistake (F.R.Crim.P.36)

☐ Modification of Supervision Conditions (18:3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18:3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sent. Guide. (18:3582(c)(2))

☒ Direct Motion to District Court Pursuant to
  ☒ 28 U.S.C. §2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 2 of the Indictment on 7/20/2010  .
☐ pleaded nolo contendere to count(s) __ which was accepted by the court.

The defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No.(s) |
|---|---|---|---|
| 21 USC § 841(a)(1) | Possession with the Intent to Distribute a Controlled Substance | 11/2/2009 | 1 |
| 18 USC § 924(c)(1) | Use, Carrying or Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 11/2/2009 | 2 |

The defendant is sentenced as provided in pages 2 through  5  of this **judgment.**  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ Count(s) __ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

September 27, 2012
Date of Imposition of Judgment

s/Kristi K. DuBose
UNITED STATES DISTRICT JUDGE

September 27, 2012
Date

**Judgment 2**

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case: Sheet 2 - Imprisonment

Defendant: KENEL YATES, a/k/a Kenel Dewayne Yates
Case Number:   1:10-00073-001

# IMPRISONMENT

**\*\*** The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total <u>term</u> of   **SIXTY-SIX (66) MONTHS ; Said term consists of 6 months, as to Count 1 and 60 months, as to Count 2; said term to run consecutively to the custody sentence imposed in Count 1**.

☐   Special Conditions:

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
   ☐   at         a.m./p.m. on         .
   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on         .
   ☐    as notified by the United States Marshal.
   ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

<u>I have executed this judgment as follows:</u>
_____
_____
_____

Defendant delivered on _____ to _____ at _____
with a certified copy of this judgment.

<u>   UNITED STATES MARSHAL   </u>

By _____
     Deputy U.S. Marshal

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release

Defendant: KENEL YATES, a/k/a Kenel Dewayne Yates
Case Number:  1:10-00073-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FOUR (4) YEARS, as to each of Counts 1 and 2; said terms to run concurrently.**

☒  Special Conditions:  **the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the Probation Office.  No fine was imposed, as the defendant is unable to pay.**

> *For offenses committed on or after September 13, 1994:*   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
> ☐     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable)

☐     The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

☒     **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court (Probation Form 7a).**
**The defendant shall also comply with the additional conditions on the** attached page (if applicable)**.**

## See Page 4 for the
## "STANDARD CONDITIONS OF SUPERVISION"

**Judgment 4**

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release

Defendant: KENEL YATES, a/k/a Kenel Dewayne Yates
Case Number: 1:10-00073-001

# SUPERVISED RELEASE

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties

Defendant: KENEL YATES, a/k/a Kenel Dewayne Yates
Case Number: 1:10-00073-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 200.00 (paid) | $ -0- | $ -0- |

☐   The determination of restitution is deferred until      . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached) However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

| Name(s) and Address(es) of Payee(s) [STOP] | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| **TOTALS:** | $ | $ | |

☐   If applicable, restitution amount ordered pursuant to plea agreement.   $
☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐   The interest requirement is waived for the ☐ fine and/or   ☐ restitution.
   ☐   The interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.